FILED
United States Court of Appeals
Tenth Circuit

May 27, 2010

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

FELIX ZACAPALA-DIAZ,

Defendant-Appellant.

No. 10-4065
(D.C. No. 2:09-CR-00717-TS-1)
(D. Utah)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **HARTZ**, and **TYMKOVICH**, Circuit Judges.

Felix Zacapala-Diaz pleaded guilty pursuant to a plea agreement to

manufacturing a controlled substance by cultivation in violation of 21 U.S.C.

§ 841(a)(1). The district court sentenced him to 120 months of imprisonment, the

mandatory minimum sentence. Although Mr. Zacapala-Diaz's plea agreement

included a waiver of his right to appeal his sentence, he has filed an appeal

---

[*]    This panel has determined unanimously that oral argument would not
materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2);
10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral
argument. This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and
10th Cir. R. 32.1.

seeking to challenge his sentence. The government has filed a motion to enforce the appeal waiver, citing *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

In determining whether an appeal should be dismissed based on an appeal waiver, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Zacapala-Diaz concedes that his appeal is within the scope of the appellate waiver, he knowingly and voluntarily entered his plea, and the record does not disclose a reasonable basis for concluding that enforcing the plea waiver would result in a miscarriage of justice. Upon review of the plea agreement and plea and sentencing hearing transcripts, we conclude that Mr. Zacapala-Diaz cannot establish any of the applicable exceptions to enforcement of the appeal waiver and therefore the appeal waiver should be enforced.

Accordingly, we GRANT the government's motion to enforce the appeal waiver contained in the plea agreement and DISMISS the appeal.

                                       ENTERED FOR THE COURT
                                       PER CURIAM